UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

TRACI DAWN MOWRY,                       Case No. 13-32048
                                                                Chapter 13 Proceeding
                Debtor.                           Hon. Daniel S. Opperman
_____/

OPINION REGARDING MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY
AND CO-DEBTOR STAY FILED BY FEDERAL NATIONAL MORTGAGE ASSOCIATION

Procedural Background and Facts

A hearing was held on July 17, 2013, regarding whether Federal National Mortgage Association ("FNMA") is entitled to Section 362(d)(4) in rem relief regarding real property located at 5206 Hansen Drive, Swartz Creek, Michigan 48473 ("Property").

The Debtor filed this Chapter 13 bankruptcy case on June 10, 2013, and FNMA filed the instant Motion on June 20, 2013. FNMA was the successful bidder at a foreclosure sale conducted on May 12, 2010, concerning the Property, and a Sheriff's Deed on the Mortgage Sale was recorded on May 12, 2010 in Genesee County, Michigan. At the foreclosure sale, FNMA's successful bid was in the amount of $115,560.68, with an asserted fair market value for this property of $84,800, based upon the State Equalized Value. The redemption period expired on November 12, 2010, with the Debtor failing to redeem the Property.

FNMA files the instant Motion for Relief from Stay for In Rem Relief pursuant to Section 362(d)(4), asking this Court to first determine that the Property is no longer property of

1

the estate by operation of law, citing the Sixth Circuit Court of Appeals case of *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428 (6th Cir. 1985). FNMA further requests that in rem relief be granted due to the history of appeals in state court and bankruptcy cases filed by the Debtor or her spouse, Timothy Mowry. FNMA asserts the history of litigation concerning the Property demonstrates "a deliberate attempt to delay, hinder, and defraud the Movant from obtaining possession of the subject property." Specifically, the allegations of FNMA are as follows:

1. On or about November 29, 2010, FNMA filed a summons and complaint seeking a Judgment of Possession before the State of Michigan 67-1 Judicial District Court.

2. On December 7, 2010, the State District Court granted FNMA a Judgment of Possession of the Property.

3. The Debtor and her spouse, Timothy Mowry, appealed to the Genesee County Circuit Court, and on June 6, 2012, the State Circuit Court dismissed the appeal.

4. On June 27, 2012, the Debtor and her spouse filed an application for leave to appeal before the Michigan Court of Appeals. The Michigan Court of Appeals issued a letter on June 28, 2012, stating that this appeal was defective.

5. FNMA thereafter filed a Motion for Writ of Restitution in the State District Court, which was granted on July 31, 2012, but which gave the Debtor and her spouse 45 days to vacate the Property.

6. On September 6, 2012, the Debtor and her spouse filed another application for leave to appeal with the Michigan Court of Appeals.

7. On September 28, 2012, Timothy Mowry filed a Chapter 13 bankruptcy case, Case No. 12-33903, which was dismissed on October 10, 2012.

8. On November 12, 2012, Timothy Mowry filed a second Chapter 13 bankruptcy case, Case No. 12-34450, which was dismissed on November 26, 2012, due to failure to file required documents.

9. A hearing had been scheduled in the State District Court for November 13, 2012, relating to the Writ of Restitution, but did not go forward due to the pending bankruptcy of Timothy Mowry.

10. FNMA filed another Motion for Writ of Restitution after Timothy Mowry's second bankruptcy case was dismissed, which was pending before the State District Court, when the Debtor Traci Mowry filed her first Chapter 13 bankruptcy case, Case No. 13-31403, on April 17, 2013.

11. On May 7, 2013, the Debtor's first bankruptcy case, Case No. 13-31403, was dismissed for failure to file required documents.

12. The Debtor Traci Mowry filed the instant Chapter 13 bankruptcy case on June 10, 2013.

The Debtor does not refute these allegations, responding to such as neither admitting or denying same. At the July 17, 2013, hearing on the instant Motion, the Debtor's counsel argued that while the house and real property are not property of the estate, the stay should nevertheless by imposed and continued because there is personal property in the house. The Debtor's counsel further argued that the stay should be imposed and FNMA's Motion denied, because there is a pending HAMP (Home Affordable Modification Program) request.

3

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and E. D. Mich. LR 83.50(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay). The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the Sixth Circuit Court of Appeals in *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Law

### Impact of Foreclosure Sale and Expiration of Redemption Period

In this Circuit, the date of the foreclosure sale is the cut off date for a debtor to cure any defaults on a real estate mortgage on the debtor's principal residence. *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428 (6th Cir. 1985).

More recently, in *Hermiz v. Federal Home Loan Mortgage Corp. (In re Hermiz)*, 2013 WL 3353928 (E.D. Mich. July 3, 2013), Judge Steeh examined the impact of expiration of the redemption period upon a debtor's rights in property. While expiration of the redemption period generally extinguishes all of a mortgagor's rights in a property, "an equitable extension of the redemption period [exists] in the case of a 'clear showing of fraud, or irregularity' in the foreclosure process itself." *Hermiz*, 2013 WL at *3 (quoting *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166 at *2 (Mich. Ct. App. April 24, 2012)). The *Hermiz* Court noted that if "a sufficient pleading of fraud" existed, a five-year extension of the redemption period is

4

appropriate pursuant to Michigan law. Mich. Comp. Laws 600.5801(1).

In Rem Relief Pursuant to Section 362(d)(4)

FNMA's request for in rem relief is governed by Section 362(d)(4), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning the stay–. . .

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.

If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

The initial burden is upon the moving party, here FNMA, "'to establish a prima facie case as to all the elements.'" *In re Lee*, 467 B.R. 906 (B.A.P. 6th Cir. 2012) (quoting *In re Poissant*, 405 B.R. 267 (Bankr. N.D. Ohio 2009)).

A creditor seeking relief under Section 362(d)(4) must prove: "(1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer

5

of property without the creditor's consent or court approval or multiple filings." *Lee*, 467 B.R. at 920. "A 'scheme' is 'a plan or design or an artful plot'." *Id.* (quoting *In re Smith*, 395 B.R. 711, 719 (Bankr. D. Kan. 2008)). "[A] court may infer an intent to hinder or delay from serial bankruptcy filings if the debtor sought repeated bankruptcy protection for the sole purpose of stopping foreclosure actions." *Lee*, 467 B.R. at 920 (citing *In re Henderson*, 395 B.R. 893 (Bankr. D.S.C. 2008)).

Analysis

The Court first notes that the Debtor has no interest in the subject property under *Glenn*. Further, there has been no allegation of "fraud or irregularity" in the foreclosure process, let alone a clear showing of such. Applicable Michigan law and the holding in *Hermiz*, does not provide a basis to extend the redemption period for the indicated 5-year period.

Addressing the Debtor's two arguments made at the July 17, 2013, hearing, while any personal property remaining on the Property may be property of the estate, the Debtor must take action to remove and secure same, or such will be considered abandoned once FNMA exercises its state law remedies to evict the Debtor from the Property. Further, any HAMP request for a loan modification may continue regardless of the automatic stay. In most cases before this Court, the debtors seek a loan modification before a foreclosure sale, so there is property of the estate or a confirmed Chapter 13 plan. Here, the property was foreclosed over 3 years ago and the redemption expired over 2 ½ years ago. The interests of the Debtor that this Court traditionally protects do not exist here. The Debtor has had over 3 years to seek, obtain, and enforce a HAMP request. Significant action by the Debtor during these 3 years has not occurred. Instead, the Debtor and her spouse have unsuccessfully appealed and then filed bankruptcy

6

petitions to stop eviction proceedings. This record, in this case, differs substantially and dramatically from the record in the thousands of other Chapter 13 cases before this Court where debtors timely make a HAMP request before a foreclosure sale and do not file multiple bankruptcy petitions to stop evictions. This record, in this case, does not support a continuation of the automatic stay. FNMA has shown sufficient cause to lift the automatic stay. As discussed above, the Debtor's interest in the Property has been effectively extinguished.

Turning to whether in rem relief is appropriate, the Court examines Section 362(d)(4), under which FNMA need only establish a scheme to delay, hinder <u>or</u> defraud. These words are to be interpreted in the disjunctive, rather than the conjunctive, as confirmed by the Bankruptcy Technical Corrections Act of 2010.[1]

Addressing each element of Section 362(d)(4), the Court concludes that FNMA has met its prima facie burden in showing that the circumstances and timing of the Debtor's and her spouse's bankruptcy cases are indicative of a scheme to delay eviction of the Debtor and her spouse from the Property through the use of multiple bankruptcy filings. The Debtor's spouse, Timothy Mowry, filed two bankruptcies and each one was dismissed shortly after filing. The Debtor then filed two bankruptcy cases herself, the second of those is still pending. All four of these bankruptcies were filed at critical times in the state court eviction proceedings to avoid eviction from the Property. The first bankruptcy case, filed by Timothy Mowry, was filed on September 28, 2012, after he and the Debtor filed yet another application for leave to appeal the State District Court's Order Granting FNMA's Motion for Writ of Restitution. That case was

---

[1] The Bankruptcy Technical Corrections Act of 2010 amended Section 362(d)(4) to change the phrase from "delay, hinder, and defraud," to "delay, hinder, or defraud."

dismissed shortly thereafter on October 10, 2012. Timothy Mowry filed a second Chapter 13 bankruptcy case on November 12, 2012, which was dismissed shortly thereafter on November 26, 2012. In the meantime, the State District Court's scheduled hearing relating to the Motion for Writ of Restitution was canceled. FNMA filed another Motion for Writ of Restitution, which was pending when the Debtor filed a Chapter 13 bankruptcy case on April 17, 2013, and which was dismissed for failure to file required documents. The Debtor then filed the instant bankruptcy case, asserting the foreclosure sale was voidable and should be declared void.

Additionally, the Debtor has offered nothing new in this case to counteract a finding of a scheme to delay. Specifically, her argument that her pending HAMP request should be the basis to grant her an additional stay from FNMA proceeding with eviction, is outweighed by the actions of the Debtor and her spouse as stated previously in this Opinion.

## Conclusion

For the foregoing reasons, the Court grants FNMA's Motion for In Rem Relief pursuant to Section 362(d)(4). Accordingly, FNMA may record an Order entered by this Court that shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of entry of such an Order, pursuant to applicable provisions of Section 362(d)(4). In light of this ruling, the Court denies FNMA's request for a 180-day bar to refiling. Counsel for FNMA is directed to prepare an Order consistent with this Opinion.

**Signed on August 15, 2013**

                                             **/s/ Daniel S. Opperman**
                                             **Daniel S. Opperman**
                                             **United States Bankruptcy Judge**